UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHAVEZ, et al.,<br><br>Defendants. | Case No. 15-CR-00285-LHK-1<br><br>**ORDER DENYING DEFENDANT CHAVEZ'S MOTION FOR PRETRIAL RELIABILITY HEARING**<br><br>Re: Dkt. No. 943 |

On September 10, 2021, Defendant Daniel Chavez filed a motion seeking "a pre-trial reliability hearing prior to allowing the admission into evidence of any testimony by any incentivized cooperating or informant witness to be presented by the government." ECF No. 943 ("Mot."). The United States of America ("the government") filed their opposition on October 1, 2021. ECF No. 953 ("Opp'n"). Defendant filed their reply on October 15, 2021. ECF No. 960 ("Reply"). Having considered the filings of the parties, the relevant law, and the record in this case, the Court DENIES the Defendant's motion.[1]

Defendant requests a pretrial reliability hearing, "pursuant to Federal Rules of Evidence

---

[1] The Court grants Defendant Victor Skates' motion to join Defendant Chavez's instant motion. ECF No. 949.

1

Case No. 15-CR-00285-LHK-1
ORDER DENYING DEFENDANT CHAVEZ'S MOTION FOR PRETRIAL RELIABILITY HEARING

104, 403, and 701" for all individuals who have or will expect to receive a direct or indirect benefit, from the government, for testifying against Defendant—"incentivized witnesses." Mot. at 1-3. Defendant argues that at the pretrial reliability hearing, the government must "prove by a preponderance of the evidence that the witness is sufficiently reliable to testify before the jury." *Id.* at 3.

The Court denies Defendant's motion because Defendant identifies *no* case law supporting such a novel request. As the government points out, for non-expert witnesses, like here, "[t]he established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." *Hoffa v. United States*, 385 U.S. 293, 311 (1966). In *United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993), the Ninth Circuit outlined four factors courts generally rely on to ensure the reliability of cooperating witness testimony. These *Bernal-Obeso* factors are: "(1) the integrity of government agents and prosecutors not to introduce untrustworthy evidence into the system; (2) trial judges and stringent discovery rules to subject the process to close scrutiny; (3) defense counsel to test such evidence with vigorous cross examination; and (4) the wisdom of a properly instructed jury whose duty it is to assess each witness's credibility and not to convict unless persuaded beyond a reasonable doubt of the accused's guilt." *Id.* (citations omitted).

Regarding the fourth factor, the Ninth Circuit Model Criminal Jury Instruction 4.9 cautions the jury regarding cooperating witness testimony incentivized by "benefits," "compensation," or "favored treatment" from the government. *See* Ninth Circuit Model Criminal Jury Instruction 4.9. Specifically, Model Instruction 4.9 cautions the jury that "in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses." *Id.*

Defendant's motion implicates none of the *Bernal-Obeso* factors. For example, Defendant does not allege the government has reason to suspect the veracity of these witnesses, or that the government has failed to disclose relevant discovery. Defendant instead relies on academic

2

Case No. 15-CR-00285-LHK-1
ORDER DENYING DEFENDANT CHAVEZ'S MOTION FOR PRETRIAL RELIABILITY HEARING

literature to advance the argument that "the traditional safeguards against [incentivized witness] testimony, disclosure of any benefit, cautionary jury instructions and cross examination, have proven inadequate." Mot at 6. According to Defendant, a pretrial reliability hearing would help determine that incentivized witnesses "meet a minimum reliability standard before they are presented to the jury." Mot. at 8. However, that is not the law. In the absence of any allegations implicating any *Bernal-Obeso* factor the proper procedure is to "leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." *Hoffa*, 385 U.S. 293 at 311. Defendant fails to cite any case law suggesting otherwise.

Because there is no case law on point, Defendant cites inapposite cases. Reply at 2-5. In each of the cases on which Defendant relies, there was an alleged *Brady* or *Giglio* violation related to the government's agreements with the incentivized witnesses. Here, there is no allegation of a discovery violation by the government. Thus, these cases do not support the conclusion that a pretrial reliability hearing is required on the facts of the instant case.

Nor do the Federal Rules of Evidence require such a pretrial reliability hearing. In essence, Defendant attempts to import the *Daubert* reliability standards for *expert* witnesses under Federal Rule of Evidence 702, to lay witness testimony governed by Federal Rule of Evidence 701. Mot. at 10-11. Although Defendant cites Rule 701 for support, Rule 701 contains no such reliability requirement for lay witnesses. Rather, as discussed above, lay witness testimony should be "tested by cross-examination, and the credibility of [this] testimony [is] to be determined by a properly instructed jury." *Hoffa*, 385 U.S. at 311.

Defendant also relies on Federal Rule of Evidence 104, which provides that the Court must conduct an evidentiary hearing outside the hearing of the jury when "justice so requires." Fed. R. Evid. 104(c)(3). However, Defendant points to no case requiring a pretrial reliability hearing for any witnesses, much less an incentivized witness, under Rule 104. As the government notes, "[c]onfidential source witness testimony is common in federal criminal trials." Opp'n at 4. The Defendant's inability to point to a single court holding a pretrial reliability hearing under Rule 104

3

cuts against Defendant's argument that such a hearing is required in the instant case.

Defendant's Federal Rule of Evidence 403 argument is similarly unpersuasive. Defendant posits that "[i]incentivized witnesses pose many of the same special concerns as do expert witnesses" and thus the same considerations for expert witnesses should apply to incentivized witnesses when courts balance possible prejudice against probative value under Rule 403. Mot. at 11. However, as Defendant's own reading of *Daubert* illustrates, "the judge in weighing possible prejudice against probative force under Rule 403 [. . .] exercises more control over experts than over lay witnesses." *Id.* (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993)). Because Defendant does not allege that any of the incentivized witnesses are experts, Defendant fails to show why a heightened application of Rule 403 to *expert* testimony should apply to lay witness testimony of incentivized witnesses. Nor does Defendant cite any case law finding that Rule 403 requires a pretrial reliability hearing. Accordingly, Defendant's argument is unpersuasive.

To sum up, Defendant seeks a pretrial reliability hearing for incentivized witnesses because of a concern for the general reliability of such witnesses. However, Defendant fails to support such argument with any relevant case law or allegations. Accordingly, the Court is unpersuaded that a pre-trial reliability hearing is necessary here.

For all these reasons, the Court DENIES Defendant's motion for a pretrial reliability hearing for incentivized witnesses.

**IT IS SO ORDERED.**

Dated: December 7, 2021

_____
LUCY H. KOH
United States District Judge

4
Case No. 15-CR-00285-LHK-1
ORDER DENYING DEFENDANT CHAVEZ'S MOTION FOR PRETRIAL RELIABILITY HEARING