VICTOR J. ABREU
NANCY MacEOIN
Admitted *pro hac vice*
Federal Community Defender Office
For the Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
Telephone: (215) 928-1100
Victor_Abreu@fd.org
Nancy_MacEoin@fd.org

Attorneys for Defendant VICTOR SKATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 15-0285-02 PCP |
| v. | **DEFENDANT VICTOR SKATES' SENTENCING MEMORANDUM** |
| VICTOR SKATES, | BEFORE THE HONORABLE P. CASEY PITTS, DISTRICT JUDGE |
| Defendant. | Date of Sentencing: January 15, 2025 |
| | Time of Sentencing: 10:00 a.m. |
| | [SUPPLEMENTAL SENTENCING MEMORANDUM FILED UNDER SEAL] |

Defendant Victor Skates, by and through his counsel, hereby files his Sentencing Memorandum for the Court's consideration prior to the sentencing hearing scheduled for January 15, 2025 at 10:00 a.m. A Supplemental Sentencing Memorandum has also been filed under seal in order to protect the privacy interests of Mr. Skates' family members and others.

DATED: January 8, 2025.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Nancy MacEoin*
　　　　　　　　　　　　　　　　　　NANCY MacEOIN
　　　　　　　　　　　　　　　　　　VICTOR J. ABREU

　　　　　　　　　　　　　　　　　　Attorneys for VICTOR SKATES

# **DEFENDANT VICTOR SKATES' SENTENCING MEMORANDUM**

This memorandum is being submitted in support of Victor Skates and the plea agreement executed between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). A *Supplemental Sentencing Memorandum* is also being filed under seal in order to protect the privacy interests of Mr. Skates' family and others.

The Presentence Investigation Report (PSR) prepared by United States Probation Officer Cindy Suntay accurately sets forth the United States Sentencing Guideline (USSG) advisory sentence of life in prison based on a total offense level of 43, and Criminal History Category III. PSR at 32, ¶ 240. According to the terms of the plea agreement, in exchange for Mr. Skates' plea of guilty to a racketeering conspiracy, the parties recommend that the Court impose a sentence of 317 months imprisonment, adjusted from 480 months pursuant to USSG § 5G1.3(b). Dkt. No. 1071 at 10-11, ¶ 8. The United States Probation Office agrees with this recommendation. *See* PSR Sentencing Recommendations at 3.

Mr. Skates respectfully requests that the Court accept the terms of the plea agreement and impose the adjusted sentence of 317 months, which, as set forth below, amounts to a *de facto* life sentence, and which the parties and the USPO agree is also sufficient to achieve the goals of sentencing set forth in *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553.

## I.    Procedural History

The conduct contained in the superseding indictment occurred in and around Salinas, California from 2009 to 2011, when Mr. Skates was between 19 and 22 years old. He was arrested by local law enforcement on June 9, 2011, and charged with an armed robbery of the Alisal Market which occurred on November 13, 2009. Mr. Skates pleaded guilty to the robbery and on April 18, 2012, he received a 17-year sentence. Monterey Cty. Super. Ct. Dkt. No.

SS100551A. He remained in state custody until he was indicted in this case on May 27, 2015, and on July 7, 2015, he made his first appearance in Federal Court before the Honorable Howard R. Lloyd. He has been in federal pre-trial custody since that date.

Because the Alisal Market armed robbery for which he was serving a state sentence was incorporated as relevant conduct in the superseding indictment, both the Government and defense agree that it is appropriate to adjust the agreed-upon sentence of 480 to 317 months pursuant to USSG § 5G1.3(b) to reflect the time Mr. Skates has already served for that relevant conduct.

## II. The Recommended Sentence Is Consistent with the Sentencing Guidelines Because It Would Keep Mr. Skates Incarcerated for Most, if not All, of His Remaining Life.

Based on the offense conduct and Mr. Skates' criminal history, the USSG advisory sentence in this case is life in prison. PSR at 32, ¶ 240. The recommended sentence of 317 months, in conjunction with the time he has already spent in custody, is consistent with this advisory guideline life sentence.

The average life expectancy for a Hispanic male in the United States is 74.6 years. *See* Elizabeth Arias, *et al.*, *United States Life Tables*, 2021, 72 National Vital Statistics Reports 12, at 3 (November 7, 2023). However, it is generally accepted that serving time in prison shortens one's life expectancy. *See United States v. Taveras*, 436 F.Supp.2d 493, 500 (E.D.N.Y. 2006), *aff'd in part, vacated in part on other grounds sub nom. United States v. Pepin*, 514 F.3d 193 (2d Cir. 2008) (life expectancy within federal prison is considerably shortened because of stressors, violence, and disease). Studies show that decline to be as much as two years for each year of incarceration. *See* Nick Straley, *Miller's Promise: Re-Evaluating Extreme Criminal Sentences for Children*, 89 Wash. L. Rev. 963, 986 n.142 (2014) ("A person suffers a two-year decline in

3
DEFENDANT VICTOR SKATES' SENTENCING MEMORANDUM
Case No. 5:15-cr-00285-02 PCP

life expectancy for every year locked away in prison."); Evelyn J. Patterson, *The Dose–Response of Time Served in Prison on Mortality: New York State*, 1989–2003, 103 Am. J. Pub. Health 3 at 526 (2013) (same).

For these reasons, the United States Sentencing Commission defines a *de facto* life sentence as one of 470 months (just over 39 years) or more, "a length consistent with the average life expectancy of individuals sentenced for federal offenses given the average age of those persons." U.S. Sent. Comm'n, 2023 *Annual Report and Sourcebook of Federal Sentencing Statistics*, Appendix A. *See also United States v. Nelson*, 491 F.3d 344, 349–50 (7th Cir. 2007).

Mr. Skates is 35 years old. Even in a non-carceral setting, his remaining life expectancy would be less than 40 years and on par with the 470 months (39.2 years) which the Sentencing Commission defines as a *de facto* life sentence. However, as a prisoner who has already been in custody for more than thirteen years, Mr. Skates' life expectancy is considerably lower. Assuming a diminishment of two years for every year of incarceration (as cited above), Mr. Skates' remaining life expectancy is significantly shorter than the terms of the recommended sentence. Indeed, even after receiving the adjustment pursuant to USSG § 5G1.3(b) for the thirteen years he has already served, the remaining 27-year prison term would result in a sentence that is beyond the life expectancy of a Hispanic male, like Mr. Skates, who is incarcerated. Thus, under the terms of the recommended 317-month sentence, it is highly likely that Mr. Skates will spend the remainder of his life in prison.

III.   **The Recommended Sentence Is Consistent with Plea and Sentencing Practices in This Case and Other Cases in the Northern District of California.**

Every defendant who has entered a plea of guilty in this case has been offered and received a less-than-life sentence. This includes similarly situated co-defendants who were

implicated in, or charged with, multiple homicides and attempted homicides, and have or will, presumably, receive prison sentences that were shorter than the recommended sentence as part of Mr. Skates' plea. The recommended sentence is also consistent with other similar gang-related cases in the Northern District of California.

Due to the sensitivity of some of the information relating to these plea agreements and sentences, they are discussed more fully in Mr. Skates' *Supplemental Sentencing Memorandum*.

### IV.    Application of the Relevant Sentencing Factors

In accepting the recommended sentence, the Court must consider the relevant factors identified in 18 U.S.C. § 3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. These factors include, *inter alia*, the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to protect the public from further crimes of the defendant; the need for the sentence to provide the defendant educational or vocational training, medical care, or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). The parties agree that the recommended sentence of 317 months in prison in addition to the time Mr. Skates has already spent in custody will achieve these sentencing goals. *See Booker*, 543 U.S. 220; 18 U.S.C. § 3553(a).

Mr. Skates has been in custody since June 9, 2011. Thus, he has already served more than thirteen years for conduct related to the case currently before the Court. If accepted by the Court, the additional 317-month sentence will be served concurrently with the remainder of Mr. Skates'

state court sentence, which is expected to expire in January 2026, as well as with his sentence in a second state-court case that involved damage to jail property. In all, Mr. Skates will serve forty years for these offenses. As noted above, forty years is a *de facto* life sentence. *See supra* § II. The parties agree that the *de facto* life sentence of 317 months in prison is a significant sentence that adequately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

Moreover, the recommended sentence will fully take into account "the history and characteristics" of Mr. Skates, specifically his life history and his remarkable personal growth, both of which are detailed in the *Supplemental Sentencing Memorandum* at §§ I and III. This personal growth is evidenced by the remorse Mr. Skates expressed in his PSR interview, when he stated:

> I take full responsibility for my actions in this case. I am no longer the person I was when I did this. I was young, reckless, and my actions were unjustified. I know any apology now does not make up for what I did to these victims and families. But I do sincerely apologize. I am grateful for the opportunity to move on with my life and I plan to better myself and demonstrate through my actions and conduct that I am no longer the person who did this. People can change and that is what I am trying to do.

PSR at 12, ¶ 44. The recommended sentence will also satisfy the factor set forth in USSG § 3553(a)(2)(D), which describes "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See Supplemental Sentencing Memorandum* § III.

Lastly, that parties also agree that imposition of the recommended 317-month sentence will ensure consistency in sentencing and avoid disparities among similarly situated defendants. Based on the offense level and his criminal history, the USSG recommend Mr. Skates receive a sentence of life in prison. As a *de facto* life sentence, *see supra* § II, the 317-month

recommendation is consistent with the USSG advisory range. In addition, the 317-month recommendation is consistent with the sentences of other defendants in this case and in the Northern District of California. *See Supplemental Sentencing Memorandum* § II. Accordingly, the parties agree that a sentence of 317 months will ensure that Mr. Skates is not being disparately treated from other defendants with similar backgrounds who have committed similar crimes. 18 U.S.C. § 3553(a)(6).

### V. Mr. Skates' Age at the Time of the Offenses and His Subsequent Maturation in Prison Support Acceptance of the Recommend Sentence.

The allegations and charges against Mr. Skates stem from conduct that occurred beginning when he was 19 years old. He first entered adult custody when he was 22 years old. An ever-growing body of social and medical research now recognizes that the juvenile brain is different from the adult brain and that persons incarcerated for crimes they committed when they were young often grow out of the negative behavior which brought them to prison. Mr. Skates has shown that he too has matured and is no longer the same person charged in this indictment. After thirteen years of incarceration, and now 35 years old, Mr. Skates is a different person.

The *Supplemental Sentencing Memorandum* filed under seal details Mr. Skates' psychological development and his maturation in prison. These reasons, too, weigh in favor of the recommended sentence.

### VI. The Recommended Sentence

Mr. Skates' life history and age at the time of the offenses mitigates in favor of the recommended sentence. The recommended sentence is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public, allow an

opportunity for drug and mental health treatment, and avoid disparate sentencing among similarly situated defendants. *See Booker*, 543 U.S. 220; 18 U.S.C. § 3553(a).

Specifically, we respectfully urge that the Court:

1. Accept the terms of the plea agreement the parties have proposed pursuant to Rule 11(c)(1)(C).

2. Impose a sentence of 317 months to be served concurrently to Mr. Skates' state conviction and sentence in Monterey County Superior Court Case No. SS100551A and his state conviction and sentence in Monterey County Superior Court Case No. SS120106.

3. Recommend that Mr. Skates be admitted to all drug and alcohol and mental health treatment programs that are deemed proper by the Bureau of Prisons, and in particular, that he be admitted to the Bureau of Prisons' "Residential Drug Abuse Program" (RDAP) and the Bureau of Prisons' "Challenge Program."

4. Recommend that Mr. Skates be incarcerated at USP Florence, Colorado.

5. Recommend that he serve the remainder of his state sentence in federal custody.

DATED: January 8, 2024                                    Respectfully submitted,

                                                          */s/ Nancy MacEoin*
                                                          NANCY MACEOIN
                                                          VICTOR J. ABREU
                                                          Attorneys for VICTOR SKATES

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2025, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF recipients:

Jonathan U. Lee, Esq.
Sloan Heffron, Esq.

Assistant United States Attorneys
Northern District of California

*Counsel for the United States*


/s/ *Nancy MacEoin*
Nancy MacEoin